PIPER *v.* LIBISZEWSKI.

1. VENDOR AND PURCHASER—FORECLOSURE—EQUITY LOATH TO DECLARE FORFEITURE.

Equity is loath to declare forfeiture of premises to vendors in land contract when adequate tender has been made by vendees to redeem within such time as they have been led by vendors to believe was proper.

2. SAME—VENDEES MAKING ADEQUATE TENDER DECREED RIGHT TO REDEEM.

Where, on appeal by vendees from decree of foreclosure of land contract, it appears that they made adequate tender to redeem within time they had been led by vendors to believe was proper, decree is entered providing for redemption within 30 days from entry of final decree in Supreme Court by paying full amount due on contract, together with costs of foreclosure and sale and interest to date of redemption.

Appeal from Macomb; Reid (Neil E.), J. Submitted April 4, 1929. (Docket No. 67, Calendar No. 34,209.) Decided June 3, 1929.

Bill by John Piper, Jr., and another against Wojciech Libiszewski and another to foreclose a land contract. From a decree for plaintiffs, defendants appeal. Modified and affirmed.

*Lungerhausen, Weeks, Lungerhausen & Neale,* for plaintiffs.

*· Sargent & Posluszny,* for defendants.

Potter, J. Plaintiffs were vendors under a land contract and defendants purchasers. Suit was brought to foreclose the land contract, and a decree obtained August 15, 1927, which recites there is due $1,036.14 with interest at 6 per cent. The decree provides sale may be made at any time after August 25, 1927. It does not provide for any equity of redemption, and says nothing of costs. October 3, 1927, defendants paid $530 to the attorneys for plaintiffs; October 10, 1927, $40; and November 14, 1927, $30. The receipt given provides plaintiffs will take no further proceedings for a sale of the premises in pursuance of the decree prior to the first day of January, 1928. The premises were sold May 15, 1928, for $529.15. A writ of assistance was granted. August 7, 1928, defendants petitioned to vacate the decree and to declare the same paid.

It is claimed by defendants, and there was testimony to support the claim, that after the sale was made, and before the same was reported, Mrs. Libiszewski tendered to plaintiffs' attorney the money necessary to redeem; that he refused to take it; that the circuit court commissioner who made the sale told her she would have two weeks in which to redeem; that she tendered the full amount necessary to redeem the premises to plaintiffs' attorney within

that time; that he sent her to plaintiffs, and plaintiffs sent her back to their attorneys, who finally told her they did not want the money. There is a dispute as to the amount of costs taxed against defendants. Equity is loath to declare a forfeiture to plaintiffs of premises when adequate tender has been made by defendants to redeem within such time as defendants have been led by plaintiffs to believe was proper. We think defendants should be allowed to redeem in 30 days from the entry of the final decree in this court by paying the full amount due on the contract, together with the costs of foreclosure and sale and interest to the date of redemption. A decree will be entered so providing, with costs of this court to defendants.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.